Green, J.
delivered the opinion of the court.
This bill is brought by the State against the corporation of the Central Turnpike company, and against the private stockholders of said company, to enforce the provisions of the 20th section of the act of the 19th of January, 1838, entitled “An act to establish a bank, to raise a fund for internal improvement, and to aid in the establishment of a system of education.”
The bill states that all the sources for the payment of interest on the State bonds, provided in said act, have failed; that bonds *of the State to the amount of one hundred and fifty thousand dollars have been issued to said company; that the dividends of the road are insufficient to pay said interest; and that the said company has been notified according to law of the deficiency, and of the amount chargeable against the individual stockholders of the said company; and demand of pay» ment has been made, but said stockholders have refused to pay the same.
The bill prays for a decree for the sum so required, and for general relief.
The answer admits all the facts charged in the bill, but insists that the individual stockholders are not chargeable with the sums so demanded of them; because the State has failed to comply with the stipulations of said law on its part. First, that the capital stock of the bank has, in fact, been only three millions, whereas, *400 in said law, the State engages that said capital stock shall be five millions of dollars. Second, because, by an act passed in 1844, ch. 209, it is provided that the State’s dividends in works of internal improvement should be paid into the Treasury, thereby lessening the contingent fund provided for in the said act of the 19th of January, 1888, for payment of interest on State bonds. And, third, because by an act passed the 31st of January, 1842, the sum of two hundred thousand dollars is directed to be paid out of the bank, for the improvement of rivers in East Tennessee, and in the Western District; thereby diminishing its capital, and consequently diminishing the fund provided for the payment of interest on the bonds of the State.
The 20th section of the act of the 19th of January, 1838, provides, that when any internal improvement company shall negotiate any bonds of the State, it shall be their duty to notify the president and directors of the bank, of the place where the interest is to be paid, and the bank shall provide out of its dividends for the payment of said interest; provided, that if there shall be a surplus of dividends, after setting apart the amount appropriated to common schools and academies, and after paying the interest on the bonds of the State, the same shall be held by the bank as a contingent fund, to be appropriated at any time when there may occur a deficiency in the dividends for the purpose aforesaid; and, provided, also, that if at any time there shall be a deficiency in the dividends to liquidate the accruing interest on the State bonds, and the contingent fund thall be insufficient for such purpose, such deficiency shall be made up out of any uninvested dividends that may have been declared on the stock owned by the State in the several *401 works of internal improvement; and if there still should be a deficiency, the same shall be made up by the individual stockholders of the several roads in which the State has subscribed for stock, in proportion to the amount for which the State may have issued her bonds in each, tie amount so paid by the several companies to be re-inbursed out of the first dividends declared in favor of the State on her stock in said companies. In the event ih>, dividends of the bank and the profits arising from the stock of the State in internal improvements shall be insifficient to liquidate the interest on the bonds of the Stae issued for internal improvements, it shall be the duty of the Governor to notify the president and directors of suh companies in which the State has subscribed for stock three months before the interest shall become payable n the State bonds, of the probable deficit, and of the atount which will be required of each company to be pa}, in order to meet interest on the bonds of the State; >,nd upon receiving such notice from the Governor, it shallbe the duty of the president and directors of each and evfy company thus notified, forthwith to make a call on he individual stockholders for an amount equal to the su; claimed by the Governor in his notice to the said comjtnies, which sum or sums of money shall be paid at the tin, place, and manner required by the Governor; and upon úlure thereof, by any of said companies, to meet the htalment thus required, it shall be deemed and taken to bta forfeiture of the interest of the individual stockholder p stockholders thus failing to pay the instalment called hr by the Governor.”
It is statedn the bill, and admitted in the answer, that the Stahls a subscriber for one half of the stock in this road, an^nting to one hundred and fifty thousand *402 dollars, for which its bonds have been issued, and have been negotiated by the company. The fund provided by this law is admitted to be insufficient to pay the interest on the bonds; and that the Governor has notified the president and directors that the sum of-is required from the private stockholders of this company, no part of which has been paid by any one of said stockholde’S although each of them has had notice of the amomt required of him. The consequence is, that each of thise stockholders has forfeited his stock, and the State is the entire owner of the road, unless the defendants car resist this forfeiture upon some ground assumed and ffiied on in the answer.
I. The first ground assumed by the defendáis in resistance of the decree sought by the complainant t this, that, by the second section of the law, it is dclared, “the capital of the bank shall be five millions of ¿liars,” and the first section- pledges “the faith and credi of the State for the support .of the bank, and to sup ply any deficiency in the funds thereinafter specifically ledged;” and that as the capital of the bank is only tl’ee millions of dollars, the State has failed in the peformance of its obligation, and has violated its pledges, Ind therefore has no right to claim from the defendáis the performance of the stipulations required of them» the 20th section.
We do not think the defendants have Ay right to complain that the full amount of five mill&s of dollars has not been px-ovided as the capital of th^anb.
The law, as enacted the 12th of January* 838, did not at that time constitute a contract betweeJhe State and the defendants. The time when the stoc/vvas subscribed by the defendants for the one half, and ¥ the Governor *403 on behalf of the State for the other half of the capital stock of this road, is the period of the contract between ■ the parties in this case. At that period the bank had gone into operation, and the amount of its capital was known to the defendants. They knew what its means would be for the payment of the interest on the bonds of the State; and they must be understood as having accepted the conditions to be performed on their part in reference to the known condition of the bank.
The engagement of the faith of the State, in the first section, “to support the bank and to supply any deficiency in the funds hereinafter specifically pledged,” has no relevancy to the quHtion now before the court. The pledge of the faith of the State “to support the bank,” is an engagement to those who might become creditors of the bank, that its notes should be redeemed, and all its contracts punctually fulfilled.
The guaranty, “to supply any deficiency in the funds hereinafter specifially pledged,” was intended to apply to the common school fund, and the appropriation of a specific amount of the dividends of the bank to common schools and to academies, if there should, hereafter, be a deficiency in these funds, the treasury of the State is pledged to supply such deficiency.
2 It is insisted that, in the twentieth section of the law, it is stipulated that “if at any time there shall be a deficiency in the dividends to liquidate the accruing interest on the State bonds, and the contingent fund shall be insufficient for such purpose, such deficiency shall be made up out of any uninvested dividends that may have been declared on the stock owned by the State in the several works of internal improvement;” and that in violation of this stipulation the State has, by a subsequent *404 law, required that the dividends on the stock of the State in works of internal improvement shall be paid into the treasury; thereby taking from the bank an important portion of the means'it should have employed in payment of the interest on the State bonds;'- and therefore the defendants ought not to be held to the performance of the contract on their part.
We do not think the language of the law contains a pledge to apply the dividends of the State in works of internal improvement to the liquidation of the interest on the State bonds. The stipulation is, that if the dividends of the bank and the contingent fund shall be insufficient, the “deficiency shall bp. made up out of any uninvested dividends” from stock in works of internal improvement. The language implies the right of the State to invest these dividends otherwise, and in any manner the Legislature might choose, and indicated to the defendants, when they took stock in this road, that they should not rely on dividends upon the stock in woiks of internal improvement as a means of indemnification against their liability to be called on to pay the interest on State bonds. The law, therefore, which requires these dividends to be paid into the treasury, is, in our opinion, no violation of the contract of the State with these stockholders.
8. It is next insisted, that, after, the turnpike company was organized by the subscription of stock on part of the defendants and of the State, the means of the bank for paying the interest on the bonds of the State were diminished by the act of the' 31st of January, 1842, which required the bank to pa.y out for the improvement of rivers in East Tennessee and the Western District, the sum of two hundred thousand dollars; and that *405 suck diminution of the means of the bank, by the State,, renders it inequitable to enforce the contract against the defendants. And this position, we think, is properly taken, and is maintainable upon the established doctrines oí a court of equity.
By this law, the State agrees to become a partner to the amount of one half of the stock in all the roads for which acts of incorporation had been or might thereafter be granted. By thus becoming a partner with private persons in a corporation, the State sinks its sovereign character into that of a private corporator, with only the rights of other corporators, and subject to the duties and obligations imposed by the act of incorporation.
If by this act the bank is rendered less able to discharge the interest on the bonds of the State than it was by the means it had at command at the time, this corporation went into operation, it is clearly inequitable that the defendants should be compelled to pay the interest on these bonds for the State, by reason • of a necessity which the breach of its contract by the State has brought about. And, unquestionably, such is the state of the case before us. The whole amount of the profits the bank might have made on this two hundred thousand dollars, is so much abstracted by the State from the means of the bank to pay this interest; and the question is not whether the profits on that sum would have been sufficient to have relieved the stockholders in works of improvement ■from the liability imposed by the 20th section of the law;, but the question is, whether one corporator may disregard its obligations, may at pleasure diminish the fund'provided for the protection of the other corporators, and then claim the benefit of a forfeiture by its co-corporators, brought about in part at least by its own wrongful act?
*406 We think such a claim is clearly inconsistent with the best settled principles of equity jurisprudence, and cannot be allowed.
The bill of the attorney general must, therefore, be dismissed.